MOISES ZUNIGA, Plaintiff-Appellant, v. THOMAS J. DWYER, as Ex'r of the Estate of Donald Dwyer, *et al.*, Defendants-Appellees.

First District (4th Division)    No. 1—00—1300

Opinion filed June 14, 2001.

Sal Indomenico, of Sal Indomenico & Associates, P.C., of Chicago, for appellant.

James R. Quinn and Paula M. Carstensen, of Ruff, Weidenaar & Reidy, Ltd., of Chicago, for appellees.

JUSTICE BARTH delivered the opinion of the court:

Plaintiff Moises Zuniga (Moises) appeals from the circuit court's dismissal of his loss of consortium action against defendants Thomas J. Dwyer, as executor of the estate of Donald Dwyer, M.D., and Internal Medicine and Gastroenterology Associates (collectively defendants). On appeal, Moises contends the trial court erred when it granted defendants' motion to dismiss pursuant to section 2—619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 1998)).

## BACKGROUND

Moises and his wife Anna Zuniga (Anna) filed a joint complaint, case number 96 L 2504 (Zuniga I), against defendants on March 5, 1996. Donald Dwyer (Donald) was Anna's personal physician from approximately 1978 through 1994. During the pendency of Zuniga I, Donald died and Thomas J. Dwyer, executor of Donald's estate, was substituted as defendant.

Zuniga I contained three counts: count I alleged that defendants were negligent in their care and treatment of Anna from 1978 through

1994 by misdiagnosing and treating Crohn's disease; count II alleged that defendants were negligent in providing ongoing medical care to Anna for a condition she did not have and in performing an unnecessary surgery; and count III alleged that as a result of defendants' wrongful acts, Anna's husband Moises had been and would be deprived of the society, companionship, love, affection and support of Anna.

Zuniga I proceeded to trial on June 7, 1999, at which time the trial court heard and ruled on various motions *in limine*. On June 8, 1999, prior to *voir dire* of the jury, Anna and Moises moved to voluntarily dismiss count III (the loss of consortium claim) of the complaint pursuant to section 2—1009 of the Code. 735 ILCS 5/2—1009 (West 1998). The trial court granted the motion and dismissed the loss of consortium claim without prejudice.

The case proceeded to trial on counts I and II of Zuniga I on June 8, 1999. On June 11, 1999, the jury returned a verdict in the amount of $378,000 against defendants. Anna and Moises's posttrial motion was denied on September 1, 1999. Anna signed a release and satisfaction of judgment on September 8, 1999. No appeal was filed in Zuniga I.

On September 22, 1999, Moises filed case number 99 L 10952 against defendants in which he realleged his loss of consortium claim. Defendants filed a section 2—619 motion to dismiss, arguing the complaint was in violation of the mandatory joinder rule set forth in *Brown v. Metzger*, 104 Ill. 2d 30 (1984). On April 5, 2000, the trial court granted defendants' motion. The trial court reasoned that dismissal was required because Moises had not provided evidence to support deviation from the mandatory joinder rule expressed in *Brown*. This appeal followed.

## ANALYSIS

On appeal, Moises contends the trial court erred when it ruled that the loss of consortium action had to be tried with the underlying action and when it granted defendants' motion to dismiss despite section 2—1009's grant of an absolute right to voluntarily dismiss and re-file an action.

•1 For the purposes of a section 2—619 motion to dismiss, all well-pleaded facts in the complaint are deemed admitted and only the legal sufficiency of the complaint is at issue. *Kubian v. Alexian Brothers Medical Center*, 272 Ill. App. 3d 246, 250 (1995). The grant of a section 2—619 motion to dismiss is given *de novo* review on appeal. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115 (1993).

•2 Section 13—203 of the Code provides:

"Actions for damages for loss of consortium or other actions,

including actions for the medical expenses of minors or persons under legal disability, deriving from injury to the person of another, except damages resulting from first degree murder or the commission of a Class X felony, shall be commenced within the same period of time as actions for damages for injury to such other person. Where the time in which the cause of action of the injured person whose injuries gave rise to the cause of action brought under this Section is tolled or otherwise extended by any other Section of this Act, including Sections 13—211, 13—212, 13—215, the time in which the cause of action must be brought under this Section is also tolled or extended to coincide with the period of time in which the injured person must commence his or her cause of action." 735 ILCS 5/13—203 (West 1998).

●3 Section 2—1009(a) of the Code provides:

"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." 735 ILCS 5/2—1009(a) (West 1998).

●4 Whenever possible, a spouse's loss of consortium claim should be joined with the impaired spouse's cause of action. *Brown*, 104 Ill. 2d at 35. Unless the deprived spouse can prove facts demonstrating why joinder with the impaired spouse was not possible, the loss of consortium action must be dismissed. *Brown*, 104 Ill. 2d at 35. Joinder is mandatory because "[j]oinder of these related claims will also reduce litigation expenses for the parties, conserve judicial time and resources, and contribute a bit to the reduction of court congestion." *Brown*, 104 Ill. 2d at 35.

In adopting the joinder rule, the *Brown* court added Illinois to the steadily increasing number of jurisdictions that had similar joinder rules. *Brown*, 104 Ill. 2d at 35. Those foreign jurisdictions have interpreted their mandatory joinder rule as requiring the joinder of the loss of consortium claim with the underlying action through the conclusion of the joint action. See, *e.g.*, *Hopson v. St. Mary's Hospital*, 176 Conn. 485, 494, 408 A.2d 260, 264 (1979) (the joinder of the loss of consortium claim with the physical injury claim before a single trier of fact minimizes the danger of improper verdicts); *Deems v. Western Maryland Ry. Co.*, 247 Md. 95, 109, 231 A.2d 514, 522 (1967) (the danger of duplicative awards is minimized if the consortium and injury actions are regarded as a single right of action, to which both husband and wife are parties, in which only a single, joint verdict is allowed); *Thill v. Modern Erecting Co.*, 284 Minn. 508, 514, 170 N.W.2d 865, 869 (1969) (to guard against double recovery, a wife shall have her loss of consortium action only if it is joined for trial with the husband's own action for his injury against the same defendant).

●5 Section 2—1009(a) of the Code gives plaintiffs "an unfettered right to voluntarily dismiss their claims without prejudice, upon proper notice and payment of costs, 'at any time before trial or hearing begins.'" *Morrison v. Wagner*, 191 Ill. 2d 162, 165 (2000), quoting 735 ILCS 5/2—1009(a) (West 1998). Section 2—1009 is subject however, to the two qualifications: where a previously filed defense motion could result in a final disposition of the cause of action if ruled upon favorably by the court, the court has the discretion to hear and decide that motion before ruling on the motion for voluntary dismissal; and where the circumstances of the case are such that dismissal under section 2—1009 would directly conflict with a specific rule of the Illinois Supreme Court, the terms of the rule take precedence. *Morrison*, 191 Ill. 2d at 165. Moreover, section 2—1009 does not automatically immunize a plaintiff against the bar of *res judicata* or any other legitimate defenses a defendant may assert in response to the refiling of voluntarily dismissed counts. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 342-43 (1996). To allow section 2—1009 to immunize plaintiffs against the defendants' defenses would impair judicial economy and defeat the public policy underlying *res judicata*. *Rein*, 172 Ill. 2d at 343.

Moises contends on appeal that the mandatory joinder requirement set forth in *Brown* requires only that the loss of consortium action and the underlying action be joined at the time of filing. He argues that because our supreme court in *Brown* did not expressly declare that both causes of action must be tried together, the trial court erred when it dismissed the independent loss of consortium action.

●6 The parties have not identified, nor has our research discovered, any Illinois case law discussing the specific issue raised by Moises. However, we are compelled to reject the argument advanced by Moises because its adoption would constitute a deviation from the course our supreme court, after thorough consideration, has set regarding the management of loss of consortium actions. See *Brown*, 104 Ill. 2d at 35-36. Although Moises is correct that *Brown* does not explicitly state the loss of consortium action and the underlying action must be tried together, we believe such a requirement is presumed. The *Brown* court clearly articulated its belief that the mandatory joinder requirement was needed to eliminate the double recovery problems associated with loss of consortium claims, to reduce litigation expenses, to conserve judicial time and resources and to reduce court congestion. *Brown*, 104 Ill. 2d at 35. Limiting the joinder rule as Moises proposes would erode the policy considerations inherent in section 13—203 of the Code (735 ILCS 5/13—203 (West 1998)) and amount to an unwarranted departure from the supreme court's guidance. *Brown*, 104 Ill.

2d at 35. If the reading of *Brown* urged by Moises were to be accepted, deprived spouses would be free to dismiss and later refile their loss of consortium claims, provided the claim and the underlying action were joined at the original filing. Such practice would necessarily lead to increased litigation costs, demand on limited judicial time and resources and potential for double recovery that our supreme court has determined to avoid. See *Brown*, 104 Ill. 2d at 35.

We find, therefore, that the trial court correctly ruled Moises had not complied with the mandatory joinder requirement and that dismissal of his independent loss of consortium action was proper.

•7 Moises's second contention on appeal is that the trial court's erroneous interpretation of the mandatory joinder rule violates section 2—1009 of the Code, which grants plaintiffs an absolute right to voluntarily dismiss their claims and refile them at a later date. Moises argues that as he was allowed to voluntarily dismiss his loss of consortium claim, he now has an absolute right to refile his action.

The reasoning in *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325 (1996), is instructive to our resolution of this issue. In *Rein*, after the trial court's section 2—619 dismissal of the rescission counts in the plaintiffs' complaint, the plaintiffs voluntarily dismissed their common law counts pursuant to section 2—1009. When the plaintiffs subsequently refiled their common law counts, the trial court dismissed the action on the basis of *res judicata* and the statute of limitations. In affirming, our supreme court stated that the grant of the plaintiffs' section 2—1009 voluntary dismissal motion should not be interpreted as immunizing the plaintiffs against any legitimate defenses the defendants might later raise when the dismissed counts were refiled. *Rein*, 172 Ill. 2d at 342.

As in *Rein*, Anna and Moises had a multiple-count action in Zuniga I. On June 8, 1999, the day Zuniga I was scheduled for trial, Anna and Moises voluntarily dismissed their loss of consortium claim and proceeded to trial on the two remaining negligence counts. The jury returned a verdict in favor of Anna, who subsequently signed a release and satisfaction of judgment. Less than one month after the release was executed, Moises refiled his loss of consortium action. An action refiled pursuant to section 2—1009 is vulnerable to any legitimate defenses raised by a defendant. See *Rein*, 172 Ill. 2d at 342. *Brown* mandates that absent proof of facts by the deprived spouse demonstrating why the joinder of the related actions was not possible, the independent loss of consortium action must be dismissed. *Brown*, 104 Ill. 2d at 35. Here, Moises refused to set forth any reasons why joinder in the underlying action was not possible, despite requests by the trial

court to do so.[1] As discussed above, we conclude that *Brown*'s mandatory joinder rule extends beyond the mere filing of the action. Therefore, we find section 2—1009 does not bar defensive application of the mandatory joinder rule. See *Rein*, 172 Ill. 2d at 342-43.

For the reasons set forth above, the judgment of the trial court is affirmed.

Affirmed.

HARTMAN, P.J., and SOUTH, J., concur.

---

[1]At the hearing on defendants' motion to dismiss the loss of consortium claim, counsel for Moises stated the consortium claim was voluntarily dismissed "[f]or a reason that I am not at liberty to discuss with this court."