In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-3750

RAYMOND HAYES,

*Plaintiff-Appellant,*

*v.*

CITY OF CHICAGO,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10 C 3378—**James F. Holderman**, *Chief Judge.*

ARGUED JANUARY 11, 2012—DECIDED MARCH 1, 2012

Before KANNE, WILLIAMS, and HAMILTON, *Circuit Judges*.

KANNE, *Circuit Judge*. This case marks the fourth time Raymond Hayes has asked or could have asked a court or administrative agency to rule on whether he was unlawfully terminated by the Chicago Police Department. Namely, Hayes has litigated his claim before the Circuit Court of Cook County, the Illinois Human Rights Commission ("IHRC"), and two federal courts. Hayes brought his most recent claim to federal court in 2010.

Finding that this complaint arose from the "same group of operative facts as those before the Circuit Court of Cook County," the district court dismissed Hayes's suit as barred by claim preclusion. We affirm.

## I. BACKGROUND

The facts here are essentially undisputed. Raymond Hayes began work as a Chicago police officer in October 1976. In 1992, the Superintendent of the Chicago Police Department charged Hayes with several counts of misconduct related to his improper arrest of a taxi driver. On March 5, 1993, after a full hearing before the Police Board, Hayes was found to have violated five departmental rules. He was subsequently fired. In April 1993, Hayes petitioned the Circuit Court of Cook County for administrative review of the Police Board's ruling. Hayes raised eleven challenges to the Police Board's decision, all of which in one way or another suggested that the Board's ruling was against the manifest weight of the evidence or that the Board had improperly considered certain evidence. Nowhere in his petition before the Circuit Court did Hayes claim that his termination was unlawfully motivated by his race. The Circuit Court of Cook County affirmed the Police Board, as did the Illinois Appellate Court. The Illinois Supreme Court denied Hayes's petition for leave to appeal. *Hayes v. Police Bd. of Chicago*, 652 N.E.2d 341 (Ill. 1995) (table).

On July 20, 1994, Hayes filed a complaint with the IHRC, alleging that the Police Board discriminated and

retaliated against him on the basis of his age and race. Hayes eventually withdrew the retaliation and age allegations, leaving just the race-discrimination claim. For reasons that are not entirely clear, the IHRC did not definitively rule on Hayes's claims until January 12, 2011. Meanwhile, in 1995 Hayes filed suit in federal court, alleging that the Chicago Police Department unlawfully retaliated and discriminated against him in violation of 42 U.S.C. §§ 1981 and 1983, and various Illinois state laws. The district court dismissed Hayes's complaint as barred by res judicata, finding that "Hayes could have raised his civil-rights argument at the time he appealed to the circuit court [of Cook County]."

In September and October 2005, an administrative law judge for the IHRC finally held hearings on Hayes's discrimination claims. Four years later—again, we do not understand the delay—the ALJ recommended Hayes be awarded a total of $274,283.05 for lost wages, holiday and overtime pay, lost pension annuity interest, and other prejudgment interest. The ALJ rejected Hayes's application for attorney's fees. Hayes filed a motion to reconsider the denial of attorney's fees to which an IHRC panel reviewing the ALJ's recommendation ultimately agreed in a September 2009 remand order. On January 12, 2011, a second IHRC panel awarded Hayes attorney's fees in the amount of $400,555.50. Neither party appealed the IHRC's final determination.

Apparently unsatisfied with the IHRC's judgment even though his attorney's fee award had not yet been determined, Hayes filed this federal lawsuit on June 6, 2010,

alleging that his 1993 termination was improperly motivated by racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. The City moved to dismiss the lawsuit under Rule 12(b)(6) on the ground that Hayes's Title VII claim was barred by claim preclusion. The City theorized that Hayes's most recent claim should have been brought to the Circuit Court of Cook County in 1993. Agreeing with the City, the district court granted the motion as if it were filed as a Rule 12(c) motion for judgment on the pleadings. Hayes filed this timely appeal.

## II. ANALYSIS

We review *de novo* the district court's decision to dismiss Hayes's complaint on Rule 12(c) grounds. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). In so doing, "[w]e review the judgment for the defendants by employing the same standard that we apply when reviewing a motion to dismiss under Rule 12(b)(6)." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Taking all well-pled allegations as true and drawing all reasonable inferences in Hayes's favor, we will affirm a Rule 12(c) dismissal "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004).

The sole issue presented for our review is whether claim preclusion—traditionally known as res judicata—bars Hayes's claim. Claim preclusion, of course,

prohibits litigants from relitigating claims that were or could have been litigated during an earlier proceeding. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). We must turn to Illinois preclusion law because "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen*, 449 U.S. at 96 (*citing* 28 U.S.C. § 1738); *Durgins v. City of E. St. Louis,* 272 F.3d 841, 844 (7th Cir. 2001). In Illinois, claim preclusion requires: (1) "a final judgment on the merits rendered by a court of competent jurisdiction"; (2) "an identity of cause of action"; and (3) "an identity of parties or their privies." *River Park, Inc. v. City of Highland Park,* 703 N.E.2d 883, 889 (Ill. 1998). For the second element—identity of cause of action—Illinois courts employ a transactional test, *id.* at 893, which provides "the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief," *Rodgers v. St. Mary's Hosp. of Decatur*, 597 N.E.2d 616, 621 (Ill. 1992) (quotation marks and citation omitted). In determining whether two complaints arose from the same transaction and operative facts, Illinois courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *River Park,* 703 N.E.2d at 883 (*quoting* Restatement (Second) of Judgments § 24 (1982)).

On appeal, Hayes concedes the first and third claim-preclusion elements—final judgment on the merits and identity of parties. Instead, Hayes primarily argues that his Title VII complaint and his 1993 complaint before the Police Board and Circuit Court of Cook County do not arise from the same core of operative facts. To support his argument, Hayes first cites the IHRC's September 2009 remand order, which found that the "Police Board [judgment] was limited to deciding whether or not [Hayes] had committed the underlying misconduct," while the IHRC judgment was limited to deciding "whether or not the [City] had in fact disciplined [Hayes] more harshly than similarly situated non-Black police officers." Hayes reads the IHRC remand order as definitively deciding that claim preclusion does not apply to his Title VII complaint.

Unfortunately for Hayes, he has conflated claim preclusion with issue preclusion—also known as collateral estoppel. Issue preclusion, a narrower doctrine than claim preclusion, prevents litigants from relitigating an *issue* that has already been decided in a previous judgment. *See Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011). Here, the 2009 IHRC remand order only decided that the issue presented to the Police Board in 1993—Hayes's alleged misconduct—was different than the issue Hayes presented to the IHRC—Hayes's unlawful termination. The IHRC opinion does not, nor does it purport to, resolve the question of whether Hayes brought or could have brought his Title VII claim to the Circuit Court of Cook County in 1993. Hayes also attempts to find support in our

decision in *Johnson v. Univ. of Wis.-Milwaukee*, 783 F.2d 59 (7th Cir. 1986), but this decision, like the IHRC's remand order, only addresses issue preclusion. Although we used the general term res judicata in *Johnson*,[1] we ultimately found that the "*issue* decided by the Wisconsin appeal tribunal and the *issue* in this age discrimination suit are not identical." *Id.* at 62 (emphasis added).

With the correct preclusion doctrine in hand, we now turn to whether Hayes's Title VII claim arose from the same operative facts as his claim before the Police Board. We find that there is such an identity between the two claims because the underlying transaction of both actions is not only related in time, space, origin, and motivation, but the underlying transaction—Hayes's termination from the Chicago Police Department—is identical. For example, Hayes alleges in his 2010 complaint that "defendant discharged plaintiff because of his race, in violation of rights secured by Title VII." (Complaint ¶9.) The key to this allegation is Hayes's discharge. Likewise, the key to Hayes's 1993 administrative appeal is whether the manifest weight of the evidence suggests he was wrongfully discharged. The similarity of the underlying conduct would have undoubtedly created a convenient trial unit and preserved the Circuit Court of Cook County's judicial resources. Specifi-

---

[1] The term res judicata can be used generally to refer to both claim and issue preclusion, or it can be used in a specific sense to mean only claim preclusion. *See Leal v. Krajewski*, 803 F.2d 332, 334 (7th Cir. 1986).

cally, Hayes could have rebutted the Police Board's discharge order with evidence that he was unlawfully terminated based on his race. Our previous holdings in similar circumstances are no different. *E.g., Durgins*, 272 F.3d at 844-45 (finding an East St. Louis police officer's First Amendment claim was barred by a previous state administrative agency review of her termination); *Davis v. City of Chicago*, 53 F.3d 801, 803 (7th Cir. 1995) (finding a Chicago refuse collector's § 1983 suit was barred by his previous judgment before a state court); *Pirela v. Vill. of N. Aurora*, 935 F.2d 909, 915 (7th Cir. 1991) (finding a police officer's Title VII suit was precluded by an unfavorable ruling in a previous state administrative proceeding).

Perhaps seeing the writing on the wall, Hayes argues for the first time on appeal that even if claim preclusion nominally applies, its application in this case is inequitable. *See Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1207 (Ill. 1996); *City of Chicago v. Midland Smelting Co.*, 896 N.E.2d 364, 382 (Ill. App. Ct. 2008) ("Equity dictates that the doctrine of *res judicata* should not be technically applied if to do so would be fundamentally unfair or would create inequitable or unjust results."). This argument is waived because Hayes never asked the district court to make such a determination. *See Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 652 (7th Cir. 2007).

Even if it was properly preserved, Hayes's inequity argument is meritless. The Illinois Supreme Court outlined six scenarios where the application of res judicata would be inequitable:

(1) the parties have agreed in terms or in effect that plaintiff may split his claim or the defendant has acquiesced therein; (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason.

*Rein*, 665 N.E.2d at 1207 (*citing* Restatement (Second) of Judgments § 26(1) (1980)). Although Hayes does not cite one of the six *Rein* exceptions, he appears to claim that the IHRC's failure to award him "make whole relief" contravenes the intent of Title VII. In any event, Hayes confuses his desired judgment—what he calls "make whole relief"—with any evidence showing how the IHRC's judgment was inequitable. Without such evidence, we will not find the IHRC's damages calculation inequitable just because Hayes did not obtain his requested damages down to the last dime. Hayes's argument also suffers from a more fundamental problem. That is, Hayes argues that his IHRC damages award was inequitable when he was actually required to argue that the "first judgment"—the 1993 Circuit Court of Cook County proceeding—was inequitable. *See Rein*, 665

N.E.2d at 1207. After all, it is the 1993 proceeding that serves to bar Hayes's current claim, not the IHRC's judgment.

Hayes makes one last-ditch effort to avoid the effects of claim preclusion. Citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788 (1986), Hayes argues that the unreviewed IHRC judgment allows him to pursue his instant claim in federal court. *Id.* at 796 ("[W]e conclude that . . . Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims."). This argument is a non-starter. As we have just described, Hayes has again confused the 1993 administrative proceeding before the Circuit Court of Cook County with the IHRC proceedings—the Circuit Court's judgment bars Hayes's claim, not the IHRC's judgment. After focusing on the correct proceeding, we note that Hayes petitioned both the Illinois Appellate Court and Illinois Supreme Court following his unfavorable ruling before the Circuit Court. Hayes obtained all the judicial review to which he was entitled. Because Hayes requested and received review of the Circuit Court's administrative order, we find that *Elliott* has no application to this case.

## III. CONCLUSION

We hold that Hayes's complaint is barred by claim preclusion, and accordingly, we AFFIRM the district court's dismissal.