No. 1-22-1731

Order Filed July 21, 2023

FIFTH DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RICHARD ROSENBAUM, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2019 L 10255 |
| | ) | |
| LINDA MCCONNELL and JAMES GARLANGER, | ) | Honorable Michael Otto and |
| | ) | John A. Simon, |
| Defendants-Appellees. | ) | Judges presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Lyle and Navarro concurred in the judgment.

**ORDER**

¶ 1    ***Held*:**  Under the doctrine of *res judicata*, we affirm the circuit court's dismissal of a count
that arose from a common core of operative facts as an earlier-filed lawsuit, and therefore
could have been included in the earlier suit. We dismiss the appellant's challenge of the
circuit court's denial of his motion to leave to file a third amended complaint because we
lack jurisdiction to consider it.

¶ 2                                    BACKGROUND

¶ 3    Richard Rosenbaum sued Linda McConnell in connection with a dispute arising from their

business deal. Rosenbaum filed two lawsuits—one in 2018 and the other in 2019—both of which

were related to the business deal. The circuit court dismissed a portion of the 2019 suit (the suit at issue in this appeal) under the doctrine of *res judicata*. Rosenbaum appealed. We affirm in part and dismiss in part.

¶ 4                                                    FACTS

¶ 5      Rosenbaum and McConnell were acquainted for about 18 years before they began discussing the terms of the deal at issue in this appeal. Rosenbaum and McConnell agreed to franchise a learning center together. According to Rosenbaum, McConnell misrepresented her expertise in the educational field and failed to fulfill her obligations regarding the operation of the learning center, forcing them to ultimately close the center. Subsequently, the franchisor of the center claimed liquidated damages in the amount of $104,321.34.

¶ 6      The 2018 lawsuit, Rosenbaum v. McConnell, 18 L 10317 (Cook Cty. Cir. Ct.), contained only one count: a breach of contract claim against McConnell. Rosenbaum contended that, under the franchise agreement, they were jointly and severally liable for the liquidated damages claim, but demanded that McConnell pay them in full herself.

¶ 7      Also in the 2018 lawsuit, Rosenbaum moved to amend his complaint to add a breach of fiduciary duty count. In support of that proposed count, he alleged that, among other things, McConnell engaged in nepotic hiring practices and was "generally uncooperative" with him when it came to business decisions. The court granted that motion in May 2019, but Rosenbaum neglected to file an amended complaint. Subsequently, Rosenbaum sought again to amend his complaint to include not only a breach of fiduciary duty claim but also a claim under the Eavesdropping Act, but the circuit court denied that motion, instead granting him "leave to file [it] as a new cause of action." The court's rationale for doing this was apparently its opinion that the new claim was not germane to the claims raised in the pending lawsuit.

¶ 8    On September 17, 2019, while the 2018 lawsuit was still pending, Rosenbaum followed the circuit court's advice and filed the second lawsuit now at issue before us. A few months later, the circuit court tried the 2018 lawsuit and entered judgment in favor of the then-only defendant, McConnell.

¶ 9    That brings us back to the 2019 case. The operative complaint for purposes of this appeal is the second amended complaint filed in that case on December 2, 2020. For simplicity, we will refer to it as "the complaint". It is strikingly similar to the complaint Rosenbaum filed in the 2018 lawsuit. The complaint contained two counts: (1) a breach of fiduciary duty count against McConnell, and (2) a count under the Eavesdropping Act against both McConnell and James Garlanger (McConnell's counsel in the 2018 lawsuit). Comparing the 2019 complaint to the 2018 complaint, it appears that the breach of contract count (which was tried to judgment in the 2018 lawsuit) was replaced by a breach of fiduciary duty count based on the same business deal at issue in the 2018 lawsuit. Rosenbaum brought the new Eavesdropping Act count against both McConnell and Garlanger. The Eavesdropping Act claim arose from conversations among Rosenbaum, McConnell, and third parties, that McConnell allegedly recorded without Rosenbaum's consent. McConnell moved to dismiss the complaint based on the doctrine of *res judicata*, among other reasons, and Garlanger joined her motion.

¶ 10    On March 3, 2021, the circuit court issued a detailed opinion on the motion to dismiss. The court dismissed count 1 of the complaint, reasoning that because the fiduciary duty claim arose from a common core of operative facts as the already-tried breach of contract claim, it was barred by the doctrine of *res judicata*. That is, because Rosenbaum *could have* brought the claim in the 2018 lawsuit but did not, he could not do so now. The court, however, held that count 2 could stand, because it did not arise from the same common core of operative facts. The claims under

the Eavesdropping Act did not arise from the learning center but instead from McConnell's and Garlanger's alleged conduct during the litigation of the 2018 lawsuit. The court transferred the remaining count 2 to the First Municipal District because the amount now at stake under the Eavesdropping Act claim was $1000, well below the $50,000 threshold of the Law Division.

¶ 11    On January 28, 2022, Rosenbaum moved for leave to file a third amended complaint to add two counts—one for fraud and the other for unpaid debts. Garlanger moved for summary judgment.

¶ 12    On June 2, 2022, the circuit court denied Rosenbaum's motion for leave to file a third amended complaint. The court granted Garlanger's motion for summary judgment on the Eavesdropping Act claim in count 2. However, count 2 remained pending against McConnell. On October 26, 2022, Rosenbaum moved to voluntarily dismiss count 2 against McConnell, presumably to obtain an appeal of the prior orders. He then filed a timely notice of appeal.

¶ 13                              ANALYSIS

¶ 14    On appeal, Rosenbaum argues only that the circuit court erred in (1) dismissing count 1 on the basis of *res judicata*; and (2) denying him leave to file a third amended complaint to include a new fraud claim.

¶ 15    We begin with Rosenbaum's first argument on appeal, in which he argues that the circuit court misapplied the doctrine of *res judicata*. "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). The doctrine reaches "not only to what was actually decided in the original action, but also to matters which could have been decided in that suit." *Id.* at 334–35. To apply, three elements must be present: (1) "a final judgment on the merits rendered by a court

4

of competent jurisdiction", (2) "an identity of cause of action", and (3) "an identity of parties or their privies." *Id.* at 335. The facts of this case satisfy these elements.

¶ 16    First, the circuit court in the 2018 case rendered a final judgment on the merits in favor of McConnell. In other words, Rosenbaum definitively lost on his breach of contract claim that stemmed from the operation of the learning center. Second, there is an identity of cause of action between the 2018 and 2019 lawsuits. Both lawsuits arose from the same set of (alleged) operative facts: McConnell's mishandling of the operations of the learning center, and subsequent failure to finance the liquidation thereof. There was no reason that Rosenbaum could not have brought the fiduciary claim in the 2018 lawsuit, as Rosenbaum's contention was that she breached her fiduciary duty in the way she handled her part of the business. Third, both Rosenbaum and McConnell were parties to the 2018 and 2019 suits. Accordingly, Rosenbaum was barred from pursuing a breach of fiduciary duty claim once the breach of contract claim, which arose from the same operative facts, was adjudicated.

¶ 17    Turning to Rosenbaum's second argument on appeal, we first address jurisdiction. A reviewing court has an independent duty to consider its own jurisdiction, whether or not the parties have raised it as an issue, before proceeding to the merits of the case. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213, 327 (2009) (citing *People v. Smith*, 228 Ill. 2d 95, 106 (2008), and *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998)).

¶ 18    McConnell contends that because the order denying Rosenbaum leave to file a third amended complaint was not listed in the notice of appeal, we do not have jurisdiction to consider this argument. We agree.

¶ 19    Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) requires an appellant to "specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing

court" in the notice of appeal. The filing of a notice of appeal is the jurisdictional step that confers the appellate court the power to initiate review. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Our supreme court enforces this rule strictly: "Unless there is a properly filed notice of appeal, a reviewing court has no jurisdiction over the appeal and is obliged to dismiss it." *Id.* "A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011) (citing *People v. Lewis*, 234 Ill. 2d 32, 37 (2009)).

¶ 20 Here, Rosenbaum seeks to appeal the circuit court's June 2, 2022 order denying him leave to file an amended complaint. However, this order does not appear in the notice of appeal. The omission of an order in the notice of appeal is not usually fatal because the order in question is often in the procedural progression to some later order listed in the notice of appeal, which is sufficient. *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435 (1979). However, that is not the case here. Here, the notice of appeal does not list a single order issued after the June 2 order. In other words, the June 2 order may have been in the procedural *succession* to the order dismissing part of the second amended complaint, but it was not in the procedural progression *to* it.

¶ 21 Rosenbaum states that he attempted to file an amended notice of appeal, but the "clerk rejected it". According to the paper trail attached to his reply brief, it appears the clerk of the *appellate* court rejected it. The clerk did so properly, because an original notice of appeal is filed in the circuit court; an amended notice of appeal is filed in this court only *upon this court receiving and granting a motion for leave to do so*. Illinois Supreme Court Rule 303(b)(5), (d) (eff. July 1, 2017). Rosenbaum filed no such motion with this court. Because Rosenbaum has failed to list the order he seeks to challenge on his notice of appeal, we are obliged to dismiss that portion of his appeal for lack of jurisdiction.

¶ 22                                        CONCLUSION

¶ 23    For these reasons, we affirm the circuit court's dismissal of count 1. We cannot reach the

merits of Rosenbaum's challenge of the court's order denying him leave to file a third amended

complaint because we lack jurisdiction over it.

¶ 24    Affirmed in part and dismissed in part.