FIFTH DIVISION
December 3, 2010

No. 1-09-2778

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JOSEPH SEVERINO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 08 L 6144 |
| | ) | |
| FREEDOM WOODS, INC., | ) | Honorable |
| an Illinois Corporation, | ) | John A. Ward, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

PRESIDING JUSTICE FITZGERALD SMITH delivered the opinion of the court:

This cause of action arose from a personal injury claim. Plaintiff Joseph Severino was injured while riding a horse at defendant Freedom Woods' place of business. Plaintiff filed a complaint alleging damages pursuant to the Animal Control Act (510 ILCS 5/1 *et seq*. (West 2002)) and negligence. The trial court dismissed the Animal Control Act count with prejudice and struck the negligence claim but gave plaintiff leave to amend. Plaintiff filed an amended complaint with a single count of negligence. Defendant filed a motion to dismiss based on the statute of limitations, but the trial court denied such motion due to the relation back doctrine. Plaintiff then voluntarily dismissed his case. Thereafter, defendant filed a notice of appeal from the trial court's denial of its motion to dismiss, arguing that plaintiff's voluntary dismissal made

all other previous orders final. Plaintiff opposed the notice of appeal based on jurisdiction. This court agreed with plaintiff and dismissed defendant's notice of appeal for want of jurisdiction.

During the pendency of defendant's notice of appeal, plaintiff refiled his personal injury claim for negligence and willful and wanton conduct. Defendant moved to dismiss the complaint on the basis of *res judicata*, and the trial court granted defendant's motion to dismiss. Plaintiff now appeals from the dismissal of his refiled case, arguing (1) that there was no final judgment entered in his first action and thus *res judicata* does not apply, and (2) even if *res judicata* applied, recognized exceptions to the doctrine apply in this case. For the following reasons, we affirm in part, and reverse and remand in part.

## I. BACKGROUND

### A. Severino I

On October 24, 2004, plaintiff timely filed a personal injury claim against defendant. Plaintiff's complaint alleged two counts: damages pursuant to the Animal Control Act (510 ILCS 5/1 *et seq*. (West 2002)), and negligence. The first count sought relief based on the Animal Control Act, which places liability on the owner of any animal that, without provocation, injures a person peaceably conducting himself. The negligence count alleged that on October 25, 2002, plaintiff was peaceably conducting himself on defendant's premises in the exercise of ordinary care and caution for his own safety when, without provocation, defendant's horse threw and dragged him, resulting in serious injury. Plaintiff further alleged that defendant carelessly and negligently failed to provide adequate warning to plaintiff of the dangerous nature of the horse; carelessly and negligently failed to take reasonable care to protect him; carelessly and negligently

2

failed to provide him with proper safety equipment; and carelessly and negligently failed to employ competent trainers when defendant knew or should have known from previous events that the trainers were unable to manage and control the horse. Defendant moved to dismiss the complaint alleging that plaintiff was not a member of the class protected by the Animal Control Act and that at the time of the incident, there was an act which relieved defendant of negligence liability under the facts.

On April 20, 2005, the trial court dismissed the Animal Control Act count of plaintiff's complaint with prejudice, and struck the negligence count, granting 28 days for plaintiff to amend.

On April 26, 2005, plaintiff filed his first amended complaint alleging only negligence. Defendant moved to dismiss the first amended complaint based on the statute of limitations. Specifically, defendant argued that the amended complaint contained new allegations of negligence by defendant's agent and employees that were not made prior to the expiration of the statute of limitations. In response, plaintiff contended that the claims in his first amended complaint related back to the same occurrence alleged in the original complaint. The trial court agreed, finding that the relation-back doctrine applied, and denied defendant's motion to dismiss plaintiff's first amended complaint on May 1, 2006.

On June 14, 2007, plaintiff voluntarily dismissed his action without prejudice, pursuant to section 2-1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 2006)). The order stated that the motion was granted "without prejudice and costs to any party," and in handwriting stated, "costs to be paid upon the refiling of the complaint by plaintiff."

On July 16, 2007, defendant filed a notice of appeal from the May 1, 2006, order denying its motion to dismiss plaintiff's first amended complaint based on the relation-back doctrine. Defendant argued that the May 1, 2006, order was made final and appealable by plaintiff's voluntary dismissal of the cause of action on June 14, 2007. Plaintiff opposed defendant's notice of appeal for lack of jurisdiction, arguing that a denial of a motion to dismiss is not a final and appealable judgment, and that his voluntary dismissal did not convert it to a final and appealable judgment.

In response, defendant argued that since the filing of its notice of appeal, the Illinois Supreme Court issued the opinion of <u>Hudson v. City of Chicago</u>, 228 Ill. 2d 462 (2008), which clarified earlier case law establishing the finality of all orders entered by a court upon the voluntary dismissal of a complaint in certain circumstances. This court apparently disagreed and on July 14, 2008, granted plaintiff's motion to dismiss defendant's appeal for lack of jurisdiction.

B. Severino II

On June 5, 2008, plaintiff refiled his personal injury complaint. In such complaint, he alleged negligence (count I) and willful and wanton conduct (count II) against defendant. Defendant moved to dismiss the complaint, pursuant to section 2-619(a)(4) ( 735 ILCS 5/2-619(a)(4) (West 2006)), asserting that a final judgment had been entered in Severino I and that the doctrine of *res judicata* applied and barred the refiled complaint. Defendant argued that <u>Hudson</u> made it clear that a plaintiff's voluntary dismissal of a claim constitutes an adjudication on the merits and that the doctrine of *res judicata* barred not only matters that were determined in the first action, but also matters that could have been determined in the second action. Defendant

4

further argued, relying on <u>Hudson</u> and <u>Rein v. David A. Noyes & Co.</u>, 172 Ill. 2d 325 (1996), that a plaintiff who splits his claims by voluntarily dismissing and refiling part of his action after a final judgment has been entered on another part of the case subjects himself to *res judicata*. Defendant alleged that because "plaintiff in this case split his claims by voluntarily dismissing and re-filing part of an action after a final judgment had been entered on another part of the case, he, too, has subjected himself to a *res judicata* defense."

In response, plaintiff argued that defendant made these same arguments in his notice of appeal, which were rejected by this court. Plaintiff contended that defendant's motion to dismiss his refiled claim failed because an issue that has already been decided in a prior appeal may not be relitigated. Specifically, Severino argued that this court already found that the order voluntarily dismissing plaintiff's first case against defendant was not final and appealable, so defendant cannot now relitigate the same issue in its motion to dismiss plaintiff's refiled complaint. Plaintiff further argued that defendant's claim of *res judicata* also failed because it could not establish the first element of "a final judgment on the merits."

Defendant replied that the current motion to dismiss was not based on the same arguments previously presented to and rejected by this court. Rather, defendant claimed that it was relying on the trial court's dismissal with prejudice of the Animal Control Act count in plaintiff's original complaint as the final judgment it was referring to in its motion to dismiss predicated on *res judicata*.

While such motion to dismiss was pending, this court issued the opinion of <u>Piagentini v. Ford Motor Co.</u>, 387 Ill. App. 3d 887 (2009). The trial court granted both parties leave to

address the decision as it applied to the case below. Plaintiff argued that Piagentini confirmed his argument that voluntary dismissals do not make nonfinal orders final, and therefore the May 1, 2006, order was not final, and his refiled complaint was not precluded on *res judicata* grounds. Specifically, plaintiff pointed to the passage in Piagentini that stated there was "no authority for the proposition that a nonfinal order becomes final upon voluntary dismissal of a suit." Piagentini, 387 Ill. App. 3d at 895.

Defendant replied that nothing in the case of Piagentini changed or modified the Illinois Supreme Court's ruling in the case of Hudson. Defendant maintained that the final judgment on the merits which was issued in the prior suit was the dismissal with prejudice of count I of the original complaint (the Animal Control Act count). Defendant also contended that it did not acquiesce to the plaintiff's voluntary dismissal because they objected upon the refiling of his case.

On July 2, 2009, the trial court granted defendant's motion to dismiss plaintiff's refiled complaint with prejudice. The trial court noted that defendant's argument was that the order granting dismissal of the Animal Control Act in the original action was a final judgment on the merits and precludes plaintiff from relitigating the second refiled action. The trial court found that the question was whether *res judicata* barred plaintiff's refiled complaint, not whether the law of the case barred defendant from moving to dismiss the refiled complaint. The court relied on Hudson and Rein for the proposition that when a count is dismissed with prejudice on defendant's motion, it may not be reasserted later as it is barred by *res judicata* and any additional counts sought to be raised in the refiled action that could have been raised in the first

case are barred. Accordingly, the trial court found that the negligence and willful and wanton counts found in his refiled complaint could have been raised in the first complaint, so the dismissal with prejudice of the Animal Control Act count in the first case barred plaintiff from refiling his claims.

Plaintiff filed a motion to reconsider, which was denied. Plaintiff now appeals.

### II. ANALYSIS

On appeal, plaintiff contends that the trial court erred when it granted defendant's motion to dismiss his refiled complaint. Specifically, plaintiff argues that there was no final, appealable order entered in Severino I, which is a necessary element of *res judicata*. Alternatively, without having argued the same below, plaintiff claims his case falls into an exception to the rule of *res judicata*: that the trial court expressly reserved his right to maintain the second action. Plaintiff further argues that defendant acquiesced to his refiling, or that his case falls into the "extraordinary reason" exception to *res judicata*. Defendant responds that the final appealable order it relies on is the trial court's dismissal of the Animal Control Act count in Severino I, and therefore *res judicata* barred plaintiff's refiled complaint. Defendant also responds that it did not acquiesce to the refiling, and that all other arguments made by plaintiff are waived on appeal because they were not raised below.

### A. Standard of Review

A motion to dismiss pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2006)) admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that defeats the plaintiff's claim. DeLuna v. Burciaga, 223 Ill.

No. 1-09-2778

2d 49, 59 (2006). Section 2-619 motions present a question of law, and thus we review rulings thereon *de novo*. DeLuna, 223 Ill. 2d at 59.

## B. *Res Judicata*

We first turn to the issue of whether the trial court properly found that plaintiff's refiled complaint was barred by the doctrine of *res judicata*. The central issue is whether the involuntary dismissal of plaintiff's Animal Control Act claim and the subsequent voluntary dismissal of his negligence claim, barred the refiling of his negligence claim under the doctrine of *res judicata*. The parties disagree here as to whether the elements required for *res judicata* apply. Defendant argues that Hudson compels us to find that plaintiff's refiled claim of negligence was barred by *res judicata*, while plaintiff contends that this court's denial of defendant's appeal in Severino I made clear that a final judgment had not been entered in Severino I, and therefore *res judicata* does not apply. We agree with defendant and find that plaintiff's refiled negligence claim is barred by *res judicata*.

*Res judicata* is an equitable doctrine that is designed to prevent a multiplicity of lawsuits between the same parties where the facts and issues are the same. Murneigh v. Gainer, 177 Ill. 2d 287, 299 (1997). Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action. Rein v. David A. Noyes & Co., 172 Ill. 2d 325, 334 (1996). *Res judicata* bars not only what was actually decided in the first action, but also whatever could have been decided. Hudson v. City of Chicago, 228 Ill. 2d 462, 467 (2008). Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits

8

has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions. Hudson, 228 Ill. 2d at 467.

Plaintiff does not dispute that the second and third requirements are met here. He contends, however, that the first element is not satisfied because the negligence count was never adjudicated on the merits. He concedes that his Animal Control Act count was adjudicated on the merits in Severino I, however, as it was dismissed with prejudice.

After the Animal Control Act count was dismissed with prejudice, plaintiff voluntarily dismissed his negligence claim pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009(a) (West 2002)). "Once the voluntary dismissal was entered, [Severino I] was terminated in its entirety and all final orders became immediately appealable." Hudson, 228 Ill. 2d at 468, citing Dubina v. Mesirow Realty Development, Inc., 178 Ill. 2d 496, 503 (1997). Almost a year later, plaintiff refiled his negligence claim in Severino II. Plaintiff contends that he was entitled to proceed with Severino II because, as to his negligence claim, there was no order that was both final and meritorious.

Defendant contends that plaintiff's argument is defeated by our supreme court's decision in Hudson, relying on Rein. After a close reading of Rein, we find the Hudson dissent to be more persuasive than the majority opinion. However, we are aware that we are bound by the supreme court's majority opinion and therefore find defendant to be correct in its assertion that plaintiff's argument is defeated by Hudson, and the majority opinion's interpretation of Rein.

In Rein, plaintiffs filed an eight-count complaint (Rein I) alleging that the defendants fraudulently misrepresented the character of certain securities that they had sold to the plaintiffs.

In some of the counts, the plaintiffs sought rescission of the purchase pursuant to section 13(A)(1) of the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1989, ch. 121½, par. 137.13(A)(1)). In other counts, the plaintiffs alleged common law fraud and breach of fiduciary duty. The trial court dismissed three of the rescission counts on statute of limitations grounds. The trial court denied the plaintiffs' request for a finding that there was no just reason to delay enforcement or appeal of the dismissed rescission counts. Plaintiffs then voluntarily dismissed the remaining counts of their complaint pursuant to section 2-1009(a) of the Code. Plaintiffs appealed the dismissal of the rescission counts, and the appellate court affirmed the dismissal. See Rein, 172 Ill. 2d at 329-30.

After such unsuccessful appeal, and approximately 19 months after voluntarily dismissing their remaining counts, plaintiffs refiled their entire case, including the rescission counts that were the subject of the unsuccessful appeal in Rein I. The trial court dismissed plaintiffs' complaint based on *res judicata* and the statute of limitations. The appellate court affirmed the dismissal of plaintiffs' complaint, finding that both the rescission counts and the common law counts were barred by *res judicata*. See Rein v. David A. Noyes & Co., 271 Ill. App. 3d 768 (1995).

On appeal, the supreme court affirmed the appellate court holding that the rescission counts were clearly barred by *res judicata* because they had been dismissed on statute of limitations grounds in Rein I and such dismissal was upheld on appeal. Rein, 172 Ill. 2d at 334-36. As to the common law counts that had been voluntarily dismissed by the plaintiffs after the dismissal of the rescission counts, the court found that they were barred by *res judicata*,

10

No. 1-09-2778

explaining:

> "The first element of *res judicata* is met here because the dismissal of the rescission counts with prejudice in <u>Rein I</u> operates as an adjudication on the merits for purposes of *res judicata*, as explained earlier. Although there was not an adjudication on the merits of the common law counts in <u>Rein I</u>, the concept of *res judicata* is broader than plaintiffs suggest. If the three elements necessary to invoke *res judicata* are present, *res judicata* will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit [Citation]. Therefore, if the three requirements of *res judicata* are met and the common law counts could have been determined in <u>Rein I</u>, plaintiffs will be barred from litigating the common law counts in <u>Rein II</u>.

> \* \* \*

> Because the common law counts arise out of the same set of operative facts as the rescission counts, plaintiffs could have litigated and resolved these claims in <u>Rein I</u>. Having failed to do so, plaintiffs are barred by the doctrine of *res judicata* from attempting to raise and litigate them in <u>Rein II</u>, even though there was no adjudication on the merits of these claims in the prior suit."

11

Rein, 172 Ill. 2d at 337-39.

After holding that the voluntarily dismissed counts were barred by *res judicata*, the supreme court next discussed the policy against claim-splitting, *i.e.*, that *res judicata*, which prohibits a party from seeking relief on the basis of issues that could have been resolved in a previous action serves to prevent parties from splitting their claims into multiple actions. Rein, 172 Ill. 2d at 339-42.

The Hudson court found that "Rein thus stands for the proposition that a plaintiff who splits his claims by voluntarily dismissing and refiling part of an action after a final judgment has been entered on another part of the case subjects himself to a *res judicata* defense." Hudson, 228 Ill. 2d at 473. In Hudson, count I of the plaintiffs' complaint alleged negligence and count II alleged willful and wanton misconduct (Hudson I). In October 1999, the circuit court granted defendants' motion to dismiss the negligence count on immunity grounds. On July 25, 2002, the plaintiffs voluntarily dismissed the remaining willful and wanton misconduct count pursuant to section 2-1009 of the Code. On July 23, 2003, the plaintiffs refiled their action, setting forth only one count for willful and wanton misconduct (Hudson II). The defendants moved to dismiss, arguing that the refiled action was barred by *res judicata*. The circuit court granted the defendants' motion to dismiss and the appellate court affirmed. Hudson, 228 Ill. 2d at 464-65. On appeal to the supreme court, plaintiffs argued that the appellate court erred in concluding that the willful and wanton misconduct claim in Hudson II was barred by *res judicata* because there was no final adjudication on the merits of their voluntarily dismissed willful and wanton misconduct claim in Hudson I. Plaintiffs acknowledged that their negligence count was

dismissed on the merits.

Our supreme court found that "[o]nce the voluntary dismissal was entered, Hudson I was terminated in its entirety and all final orders became immediately appealable." Hudson, 228 Ill. 2d at 468. The court found that the filing by plaintiffs was not a continuation of Hudson I, but rather an entirely new action. Hudson, 228 Ill. 2d at 468. The Hudson court noted that if it simply inserted the case names and the types of counts from its case into the above-quoted passage from Rein, the following would result:

> " 'The first element of *res judicata* is met here because the
> dismissal of the [negligence count] with prejudice in [Hudson I]
> operates as an adjudication on the merits for purposes of *res
> judicata*, as explained earlier. Although there was not an
> adjudication on the merits of the [willful and wanton count] in
> [Hudson I], the concept of *res judicata* is broader than plaintiffs
> suggest. If the three elements necessary to invoke *res judicata* are
> present, *res judicata* will bar not only every matter that was
> actually determined in the first suit, but also every matter that
> might have been raised and determined in that suit [Citation].
> Therefore, if the three requirements of *res judicata* are met and the
> [willful and wanton count] could have been determined in [Hudson
> I], plaintiffs will be barred from litigating the [willful and wanton
> count] in [Hudson II].

13

* * *

> Because the [willful and wanton count] arises out of the
>
> same set of operative facts as the [negligence count], plaintiffs
>
> could have litigated and resolved [this claim] in [Hudson I].
>
> Having failed to do so, plaintiffs are barred by the doctrine of *res*
>
> *judicata* from attempting to raise and litigate [it] in [Hudson II],
>
> even though there was no adjudication on the merits of [this claim]
>
> in the prior suit.' " Hudson, 228 Ill. 2d at 473-74, quoting Rein,
>
> 172 Ill. 2d at 337-39.

In the case at bar, the parties are in agreement that the second and third prongs of *res judicata* have been met. However, like the cases above, the parties disagree as to whether there was a final cause of action in Severino I. Therefore, we will insert the case names and the types of counts from this case into the above-quoted passages from Rein and Hudson, just as the trial court did, which yields the following:

> "The first element of *res judicata* is met here because the
>
> dismissal of the [Animal Control Act] with prejudice in [Severino
>
> I] operates as an adjudication on the merits for purposes of *res*
>
> *judicata*, as explained earlier. Although there was not an
>
> adjudication on the merits of the [negligence count] in [Severino I],
>
> the concept of *res judicata* is broader than plaintiffs suggest. If the
>
> three elements necessary to invoke *res judicata* are present, *res*

> *judicata* will bar not only every matter that was actually
>
> determined in the first suit, but also every matter that might have
>
> been raised and determined in that suit. Therefore, if the three
>
> requirements of *res judicata* are met and the [negligence] could
>
> have been determined in [Severino I], plaintiffs will be barred from
>
> litigating the [negligent count] in [Severino II].
>
> * * *
>
> Because the [negligent count] arises out of the same set of
>
> operative facts as the [Animal Control Act count], plaintiffs could
>
> have litigated and resolved [this claim] in [Severino I]. Having
>
> failed to do so, plaintiffs are barred by the doctrine of *res judicata*
>
> from attempting to raise and litigate [it] in [Severino II], even
>
> though there was no adjudication on the merits of [this claim] in
>
> the prior suit.

Accordingly, the negligence claim that plaintiff refiled in this case was barred by *res judicata* due to the dismissal with prejudice of the Animal Control Act count in Severino I.

To the extent that plaintiff argues that no final judgment was rendered in Severino I, due to this court's finding of lack of jurisdiction, we find such argument to be misplaced. Subsequent to plaintiff's voluntary dismissal, defendant appealed the trial court's May 1, 2006, denial of its motion to dismiss plaintiff's negligence count, arguing that a voluntary dismissal made all prior orders, even denials, appealable. Plaintiff contended that the voluntary dismissal did not form a

jurisdictional basis from which this court could review the merits of a nonfinal order, namely the denial of defendant's motion to dismiss plaintiff's negligence claim. This court granted plaintiff's motion to dismiss defendant's appeal of the May 1, 2006, order. We note, however, that the focus of that appeal was whether the May 1, 2006, order denying defendant's motion to dismiss was final and appealable. It had nothing to do with whether the Animal Control Act count was final and appealable. Since the dismissal of that count was decided in defendant's favor, defendant was obviously not appealing from that order. Therefore, this court did not, as plaintiff suggests, find that "no final judgment on the merits had been entered" in Severino I. Rather, this court found there was no jurisdiction for defendant to appeal the May 1, 2006, order. That decision has no bearing on the fact that the Animal Control Act count was a final, appealable order from the moment it was dismissed with prejudice. As such, the Animal Control Act count serves as the final, appealable order in our *res judicata* and claims-splitting analysis, regardless of the finality of the May 1, 2006, order.

## C. Exceptions

We next look to see if any of the exceptions to the rule against claim-splitting apply. The exceptions to claim-splitting are set forth in section 26(1) of the Restatement (Second) of Judgments (1982), and were adopted in Rein. Under this section, the rule against claim-splitting would not bar a second action if:

> "(1) the parties have agreed in terms or in effect that plaintiff may
>
> split his claim or the defendant has acquiesced therein; (2) the
>
> court in the first action expressly reserved the plaintiff's right to

maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason." Rein, 172 Ill. 2d at 341.

Here, plaintiff contends that the trial court expressly reserved his right to maintain the second action, or alternatively, that defendant acquiesced to the second action. We now address such contentions.

Plaintiff argues, relying on Quintas v. Asset Management Group, Inc., 395 Ill. App. 3d 324 (2009), that the trial court in Severino I expressly reserved his right to maintain the second action. Defendant responds that because plaintiff is raising this issue for the first time on appeal, such issue has been waived.

While it is true that the general rule in Illinois is that errors not raised in the trial court and raised for the first time on appeal are waived, we note that it is also well settled that "the waiver rule is an admonition to the parties and provides no limitation on this court's jurisdiction." In re Mark W., 383 Ill. App. 3d 572, 588 (2008), citing Illinois State Chamber of Commerce v. Filan, 216 Ill. 2d 653, 664 (2005). " 'A reviewing court may, in furtherance of its responsibility to provide a just result and to maintain a sound and uniform body of precedent,

17

override considerations of waiver that stem from the adversarial nature of our system.' " In re Mark W., 383 Ill. App. 3d at 588, quoting Filan, 216 Ill. 2d at 664. Therefore, in order to maintain a sound and uniform body of precedent, we decline to apply the waiver doctrine to the question of whether the trial court expressly reserved plaintiff's right to file the second action here.

In Quintas, which was filed eight days after the trial court granted defendant's motion to dismiss Severino II, this court found that a docket entry constituted an express reservation by the trial court of the plaintiffs' right to maintain a second action. The plaintiffs in Quintas had originally filed a three-count complaint citing negligence, breach of fiduciary duty, and violation of the Consumer Fraud and Deceptive Business Practices Act (the Act) (815 ILCS 505/1 et seq. (West 2006)). The trial court granted summary judgment for defendants on the fiduciary duty and Act counts but denied summary judgment on the negligence count. Subsequently, the plaintiffs filed for voluntary dismissal pursuant to section 2-1009 of the Code. Plaintiffs then refiled the action, alleging only negligence. Defendants then moved for summary judgment on the grounds that the refiled action was barred by res judicata. The trial court granted the motion and plaintiffs appealed, contending that the trial court in the original action granted plaintiffs leave to refile and defendants acquiesced in the refiling. See Quintas, 395 Ill. App. 3d at 326.

On appeal, this court noted the parties agreed that the elements required for res judicata applied in the case because the order that granted summary judgment to defendants on two counts but denied it on the negligence count was a final order, and that the parties and the cause of action were the same. However, the court found that one of the recognized exceptions to res

18

*judicata* was applicable in this case; namely, that the trial court expressly reserved plaintiffs' right to refile the case. Quintas, 395 Ill. App. 3d at 328-30.

The plaintiffs in Quintas acknowledged that both of the voluntary dismissal orders stated that the dismissal was without prejudice, but contained no reference to refiling. However, the court docket sheet entry stated, " 'Voluntary Dismissal W[ith] Leave to Refile - Allowed.' " Plaintiffs' counsel also submitted an affidavit stating that at the October 25, 2004, hearing, the trial court expressed a desire to preside over the refiled lawsuit if the parties agreed. Moreover, plaintiffs pointed out that in February 2005, the trial court continued defendants' motion for costs based on "plaintiffs' representation that their claim will be refiled." In their motion for administrative transfer, filed in July 2005, defendant acknowledged that plaintiffs' motion for voluntary dismissal " 'with leave to re-file' " was granted. Quintas, 395 Ill. App. 3d at 330.

This court noted that docket sheets are part of the common law record and are presumed to be correct, and that this court has accepted a docket sheet entry as an order of the court where there was no transcript of the hearing and no written order. Quintas, 395 Ill. App. 3d at 330. In Quintas, the written order granted the motion for voluntary dismissal without prejudice. The court held that although the order did not contain any reference to refiling, that did not mean it conflicted with the docket entry, but rather that it was merely silent on the issue of refiling. Moreover, the Quintas court found that the words "without prejudice" in the order implied that the case could be refiled. Quintas, 395 Ill. App. 3d at 331. Thus, this court found that the trial court clearly and unmistakably granted leave to refile, meaning the exception applied, and plaintiffs' suit was not barred by *res judicata*. Quintas, 395 Ill. App. 3d at 333.

19

No. 1-09-2778

In the case at bar, the June 14, 2007, order granting plaintiff's motion to voluntarily dismiss the case pursuant to section 2-1009 of the Code states that it is granted "without prejudice and costs to any party." In handwriting, it then states "costs to be paid upon the refiling of the complaint by plaintiff." Additionally, plaintiff included a certified docket sheet, attached to his reply brief, which states for June 14, 2007: "Voluntary Dismissal W[ith] Leave to Refile - Allowed." This is the exact same language that appeared on the docket sheet in Quintas. Moreover, as in Quintas, there is no contradiction between the docket sheet and the order granting plaintiff's voluntary dismissal. In fact, where the order in Quintas was silent in regards to refiling, the order in the case at bar specifically states that costs were to be paid "upon the refiling of the complaint by plaintiff." Accordingly, we are compelled to find, as was found in Quintas, that "[b]ecause the docket sheet entry granting plaintiff['s] motion for voluntary dismissal with leave to refile is accepted as an order of the court and does not conflict with the written order, we conclude that the express reservation exception applies and plaintiff['s] suit was not barred by *res judicata*." Quintas, 395 Ill. App. 3d at 336-37. Because we find that the "express reservation" exception applies, we do not need to address the applicability of the other exceptions.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment dismissing the willful and wanton count (count II) of plaintiff's refiled complaint, but we reverse its judgment regarding the negligence count (count I) and remand for proceedings pursuant to this opinion.

Affirmed in part, reversed and remanded in part.

20

TOOMIN and HOWSE, JJ., concur.