In the

# United States Court of Appeals

### For the Seventh Circuit

No. 13-2020

ORLANDO BROWN,

*Plaintiff-Appellant,*

*v.*

CITY OF CHICAGO, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 2921 — **Sharon Johnson Coleman**, *Judge*.

ARGUED OCTOBER 8, 2014 — DECIDED NOVEMBER 13, 2014

Before POSNER, FLAUM, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff, a former Chicago police officer, is black; claiming to have been discriminated against by his white supervisor, he filed suit against the City of Chicago in state court, charging racially motivated harassment, and retaliation for complaining about the harassment, all in violation of the Illinois Human Rights Act. While that suit was pending, the Chicago Police Board fired him—in retaliation, he alleges, for the internal complaints about

harassment that he had made before he filed suit. Rather than amend his state court complaint to add a charge that his firing had constituted harassment and retaliation, he filed the present suit in federal district court, alleging that the City and the Police Board (and members of the Board, whom we can ignore) had fired him on racial grounds (Count I) and also in retaliation for his earlier complaining about discrimination (Count II), all in violation of 42 U.S.C. § 1981. The complaint also contains (in Count III) a state-law claim against the Police Board under the Illinois Code of Civil Procedure, Administrative Review, 735 ILCS 5/3-101 *et seq.*, challenging the Board's decision to fire him, and a federal due process claim.

The district judge stayed the federal suit while the state court suit was pending. That court had already dismissed Brown's claim of harassment, leaving the claim of retaliation pending. Brown moved the state court to dismiss that claim as well, thus terminating his state court suit, but asked that the dismissal be without prejudice. The court obliged. The docket sheet terms the dismissal a "Voluntary Dismissal W[ith] Leave to Refile-Allowed."

With the state court suit dismissed, the district judge lifted the stay of Brown's federal suit. The judge then dismissed Count III on the ground that there was no federal subject-matter jurisdiction because it was purely a state-law claim (she seems to have overlooked the federal due process claim that was also alleged in the count). The dismissal was with prejudice. It should not have been. The judge was not deciding the merits of the claim or finding that it had been filed in bad faith and therefore that Brown should be forbidden to refile it in any court.

Later the judge dismissed Brown's other two claims—retaliation and racial discrimination (the latter claim Brown had called harassment in his state court suit, but the factual allegations were the same)—on the merits, as barred by res judicata. But in the same order she amended her earlier order dismissing the state-law Administrative Review claim to say that if perchance she had supplemental jurisdiction over that claim (rather than lacking subject-matter jurisdiction, as she had ruled), she was relinquishing jurisdiction to the state courts pursuant to 28 U.S.C. § 1367(c)(3), which would be a dismissal without prejudice.

Whether the dismissal of the retaliation and discrimination claims by the state court is res judicata in Brown's federal suit is an issue of Illinois state law. 28 U.S.C. § 1738. He argues that under that law a voluntary dismissal is not res judicata because it is not a judgment on the merits and only judgments on the merits are res judicata. That is indeed the general rule, in Illinois as elsewhere. *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204 (Ill. 1996). But there is an exception for cases in which the dismissal follows the rejection of all or some of the plaintiff's claims on the merits, as happened in this case (recall that Brown's state-law harassment claim had been dismissed by the state court with prejudice).

The basis of the exception is that "plaintiffs generally are not permitted to split their causes of action. The rule against claim-splitting, which is an aspect of the law of preclusion, prohibits a plaintiff from suing for part of a claim in one action and then suing for the remainder in another action." *Id*. at 1206; see also *Hudson v. City of Chicago*, 889 N.E.2d 210, 216 (Ill. 2008). Brown's harassment and retaliation claims were not identical, but arising as they did from the alleged racially

motivated discrimination against him by his white supervisor, they were similar enough to constitute a single claim for purposes of res judicata. See, e.g., *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998) ("separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief.").

But there are exceptions to the exception, one being if "the court in the first action expressly reserved the plaintiff's right to maintain the second action." *Rein v. David A. Noyes & Co.*, *supra*, 665 N.E.2d at 1207. Brown argues that the notation on the docket sheet "Voluntary Dismissal W[ith] Leave to Refile-Allowed" was such an express reservation. The Supreme Court of Illinois has held, however, that to be deemed "express" the reservation must identify what exactly is being reserved. In *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 958 (Ill. 2002), the court first noted our ruling in *D & K Properties Crystal Lake v. Mutual Life Ins. Co. of New York*, 112 F.3d 257, 261 (7th Cir. 1997), that the reservation must be "both express, as in writing, and express, as in specifically identified," and then said that "in general, we [that is, the Supreme Court of Illinois] agree that to avoid the preclusive effect of res judicata any reservation of a cause of action must be expressly reserved by the parties." The court did not explain what qualifications it was thinking of when it said "in general," but we don't see any reason to recognize an exception to the exception to the exception in this case. The docket notation did not specify what claims were being reserved: whether it was just the retaliation claim, or that plus other claims that Brown might want to present in a refiled suit.

It's not even clear that the docket notation should be considered an authentic reservation of anything. It's not clear whether the judge was the author of the notation, or instead a court clerk was, who noticing that the dismissal was without prejudice erroneously thought that this meant the suit could be refiled, and noted his erroneous belief on the docket. He may have been unaware of the first exception (a voluntary dismissal is res judicata if other claims in the dismissed suit had been dismissed on the merits). So, for that matter, may have been the judge.

A number of decisions by Illinois's intermediate appellate court hold that the language (or a near variant of it) of the reservation in this case is insufficient to comply with the "express reservation" exception. See, e.g., *Matejczyk v. City of Chicago*, 922 N.E.2d 24 (Ill. App. 2009). Brown cites other Illinois's intermediate appellate court cases, however, that he claims go the other way. In *Severino v. Freedom Woods, Inc.*, 941 N.E.2d 180 (Ill. App. 2010), for example, the docket entry was similar or identical to the one in this case and in cases like *Matejczyk*, but there was other evidence of the judge's intentions in dismissing the case—namely the judge's handwritten statement on the order of dismissal that costs were to be paid "upon the refiling of the complaint by the plaintiff." *Id*. at 183. In this case there is a similar indication that the judge intended that the case could be refiled, besides the docket notation (why Brown places such emphasis on the docket notation puzzles us): the order of dismissal, signed by the judge, states that it's without prejudice and that the City of Chicago is "reserv[ing] the right to refile its Combined Motion to Reconsider and To Dismiss Plaintiff's Lawsuit *if Plaintiff refiles this case*" (emphasis added)— implying that Brown is permitted to refile it.

But *Severino* and like cases are in tension with the state supreme court's insistence on strict compliance with the requirement not only of an intended but also of a "specifically identified" reservation of the right to refile a voluntarily dismissed claim if another claim has been dismissed with prejudice. That insistence is necessary to prevent, or at least to minimize the likelihood of, judge shopping and forum shopping. If, as may have happened in this case, the dismissal of one claim (the state court's dismissal of the harassment claim) signals that the judge, or perhaps the court system (in this case, the Illinois court system), does not look with favor on the plaintiff's case, the plaintiff may decide to dismiss his suit voluntarily and refile it before a different judge, maybe in a different court system (in this case, the federal court system), and press the claims that the first judge, or the first court system, has not yet dismissed. A voluntary dismissal of those claims and a refiling of them elsewhere is a gimmick that the doctrine of res judicata, as interpreted by the Supreme Court of Illinois in cases in which voluntary dismissal follows the dismissal of another claim with prejudice, aims to prevent.

So the retaliation and discrimination claims in Brown's federal suit are barred. As for Count III, which the district court dismissed both as beyond its subject-matter jurisdiction and (if within it) as being a claim of supplemental jurisdiction that a district judge can, and this district judge wanted to, dismiss without prejudice, we agree with Brown that the judge had subject-matter jurisdiction. Here are the key allegations of Count III: "The Police Board's guilty findings and discharge were erroneous … . The proceedings before the Police Board were fundamentally unfair and violated Plaintiff's due process rights because of [Brown's supervi-

sor's] illegitimate and retaliatory motive in bringing charges … against Plaintiff." There thus are two claims. The first sentence claims just errors in the Police Board's administrative proceeding. The second advances a federal claim. The first claim is within the district court's supplemental jurisdiction, because it is a claim that is so closely related to claims that are within original federal jurisdiction that it "form[s] part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). The second claim, however, is a garden-variety federal-law claim, and it is therefore within the original jurisdiction of the district court under 28 U.S.C. § 1331. The judge was free to relinquish jurisdiction over the supplemental claim, the challenge to the Police Board's findings, but not over the original-jurisdiction claim, based on the due process clause of the Fourteenth Amendment. For elaboration of the distinction, see *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164 (1997).

We acknowledge the possibility that the due process claim, which alleges that the white supervisor's motives were "illegitimate" and "retaliatory" is so similar to the state-law claims of harassment and retaliation as to be barred by res judicata. But that is an issue best left for the district court to decide in the first instance.

The judgment of the district court is therefore modified to place dismissal of the first claim in Count III on the district court's supplemental state-law jurisdiction, but reversed with respect to the dismissal of the due process claim in that count. In all other respects the judgment is affirmed.