DAVIS, Judge.
 

 *386
 
 M.R. ("Respondent") appeals from an order granting custody of her juvenile daughter, T.R. ("Tina"), to the child's father, "Ted."
 
 [1]
 
 Respondent argues that the trial court lacked subject matter jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA") to issue the order from which she appeals. After careful review, we affirm.
 

 Factual Background
 

 Tina was born in 2007 in Springfield, Illinois to Respondent and Ted, who at the time were married. They separated in 2009 after Ted abandoned Respondent and Tina. On 7 January 2011, the Circuit Court of
 
 *387
 
 Sangamon County, Illinois issued an order dissolving
 
 *199
 
 the marriage and granting custody of Tina to Respondent subject to Ted's visitation rights.
 

 In February 2012, Respondent-who is a migrant worker-moved with Tina and "Vanessa," Respondent's daughter from another relationship, from Illinois to Florida. They lived in Florida until 18 June 2014 when they moved to North Carolina. They lived in various places within North Carolina, including a migrant worker camp in New Hanover County. Respondent's work in North Carolina entailed recruiting and transporting migrant workers to a farm in Currie, North Carolina. Ted has continued to live in Illinois.
 

 On 25 July 2014, Wake County Human Services ("WCHS") filed a juvenile petition in Wake County District Court alleging that Tina (then 7 years old) and Vanessa (then 12 years old) were neglected juveniles pursuant to N.C. Gen. Stat. § 7B-101 in that they did not receive proper care, supervision, or discipline from Respondent and lived in an environment injurious to their welfare.
 
 See
 
 N.C. Gen. Stat. § 7B-101(15) (2015). The petition included allegations that (1) while Respondent was at work, Vanessa had been raped by a man in the migrant worker housing development where they lived; (2) Vanessa worked for 11 hours each day doing field work; (3) Vanessa and Tina were often left alone while Respondent worked; and (4) Tina had reported that Respondent's boyfriend had touched Tina's genitalia on one occasion.
 

 On 25 July 2014, the Honorable Monica M. Bousman entered an order in Wake County District Court granting WCHS non-secure custody of the children. A child planning conference was held on 30 July 2014, and a memorandum of understanding produced after the conference acknowledged that Respondent had been granted custody of Tina in the 2011 divorce proceeding in Sangamon County, Illinois. It also noted that Respondent had reported she was currently living in Florida.
 

 On 3 September 2014, Judge Bousman contacted Judge April Troemper of the Circuit Court of Sangamon County regarding the case. As a result of this conversation, on 17 September 2014 Judge Troemper made the following docket entry:
 

 On 9/3/14, the Court received a call from Judge Bousman from North Carolina Juvenile Court regarding a pending matter involving the minor child [Tina]. The Courts discussed the status of the case in Illinois and in North Carolina and exchanged relevant documentation to determine the issue of jurisdiction. Upon further consideration and on the Court's own Motion, this Court is transferring
 
 *388
 
 jurisdiction of this file, including the pending motion to modify custody to Wake County, North Carolina. The minor child has not resided in the State of Illinois since approximately January 2012. The Court finds it is in the minor child's best interest to have custody matters addressed by the Courts in North Carolina where the allegations of abuse occurred. As such, the Court's mediation order is vacated. Clerk [is] instructed to prepare file for transfer and to send copy of this docket to the parties of record.
 
 [2]
 

 In a subsequent order, Judge Bousman made the following finding of fact: "Jurisdictional issues with respect to the child, [Tina], have been resolved. [Circuit] Court Judge Troemper of Sangamon County, Illinois, has determined that the proper forum for this matter is the State of North Carolina." In this order, Judge Bousman also made the following conclusion of law: "Jurisdictional issues with respect to [Tina] have been resolved and North Carolina is the proper forum for the adjudication and disposition in this matter."
 

 The trial court held an adjudication hearing on 13 November 2014 and a dispositional hearing on 9 December 2014. On 9 January 2015, the court issued an order adjudicating Tina and Vanessa to be neglected juveniles and a dispositional order keeping the children in WCHS's custody. In a 27 April 2015 order, the trial court placed Tina in a trial placement with Ted.
 

 *200
 
 After holding a permanency planning hearing that began on 26 January 2016, the trial court issued a permanency planning order on 8 March 2016 finding that (1) Respondent was not progressing in her case plan; (2) reunification efforts with Respondent were contrary to Tina's health and safety; and (3) Tina was "doing very well in her trial placement with [Ted]." In that order, the court gave Ted custody of Tina and suspended Respondent's visitation rights pending further review by Tina's therapist. Respondent filed a timely appeal from the trial court's 8 March 2016 order.
 

 Analysis
 

 Respondent's sole argument on appeal is that the trial court lacked subject matter jurisdiction under the UCCJEA to issue the 8 March 2016
 
 *389
 
 order granting custody of Tina to Ted. The issue of whether a trial court possesses jurisdiction under the UCCJEA is a question of law that we review
 
 de novo
 
 .
 
 In re J.H
 
 ., --- N.C.App. ----, ----,
 
 780 S.E.2d 228
 
 , 233 (2015).
 

 The UCCJEA serves to "[a]void jurisdictional competition and conflict with courts of other States in matters of child custody" and to "[p]romote cooperation with the courts of other States to the end that a custody decree is rendered in that State which can best decide the case in the interest of the child[.]" N.C. Gen. Stat. § 50A-101 (Official Comment) (2015). Under the UCCJEA, once a court of one state makes an initial child custody determination, that state ordinarily has "exclusive, continuing jurisdiction over the determination...." N.C. Gen. Stat. § 50A-202(a) (2015). However, the UCCJEA contains provisions setting out several circumstances under which the courts of a second state
 
 are
 
 permitted to exercise jurisdiction over-and modify-a prior custody determination from the original state.
 
 See
 
 N.C. Gen. Stat. §§ 50A-202, 203, 204.
 

 In the present case, we conclude that subject matter jurisdiction existed to support the trial court's 8 March 2016 order based on N.C. Gen. Stat. § 50A-203.
 
 [3]
 
 Under the applicable provisions of N.C. Gen. Stat. § 50A-203, a North Carolina court may modify an out-of-state child custody determination if both (1) North Carolina "has jurisdiction to make an initial determination under G.S. 50A-201(a)(1) or G.S. 50A-201(a)(2)"
 
 and
 
 (2) "[t]he court of the other state determines it no longer has exclusive, continuing jurisdiction under G.S. 50A-202
 
 [4]
 

 or
 
 that a court of this State would be a more convenient forum under G.S. 50A-207 [.]" N.C. Gen. Stat. § 50A-203(1) (emphasis added). We address each of these two requirements in turn.
 

 *390
 

 I. Existence of Jurisdiction for North Carolina Court to Make Initial Custody Determination Under N.C. Gen. Stat. § 50A-201(a)(2)
 

 N.C. Gen. Stat. § 50A-201(a)(2) provides, in pertinent part, that North Carolina may make an initial child custody determination if
 

 (2) ... a court of the home state of the child has declined to exercise jurisdiction on the ground that [North Carolina] is the more appropriate forum under G.S. 50A-207
 
 [5]
 
 ...
 
 and
 
 :
 

 *201
 
 a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with [North Carolina] other than mere physical presence;
 
 and
 

 b. Substantial evidence is available in [North Carolina] concerning the child's care, protection, training, and personal relationships[.]
 

 N.C. Gen. Stat. § 50A-201(a)(2) (emphasis added).
 

 Here, the trial court possessed jurisdiction to make an initial custody determination under N.C. Gen. Stat. § 50A-201(a)(2) based on Judge Troemper's docket entry, which provided that the Illinois court was transferring the matter to Wake County District Court because Tina had not lived in Illinois since 2012 and the abuse had occurred in North Carolina. This ruling was tantamount to a determination that North Carolina was "the more appropriate forum" for purposes of N.C. Gen. Stat. § 50A-201(a)(2). The docket entry explained that after Judge Bousman and Judge Troemper had communicated with each other and exchanged relevant documents, Judge Troemper decided to "transfer[ ] jurisdiction of this file, including the pending motion to modify custody to Wake County, North Carolina" and that it was in the best interest of Tina to have custody issues adjudicated in North Carolina.
 

 Respondent argues in her brief that the record is devoid of any order from an Illinois court determining that it no longer possessed exclusive,
 
 *391
 
 continuing jurisdiction or that a North Carolina court would be a more convenient forum. Respondent briefly acknowledges the Illinois docket entry but summarily asserts in a footnote that the docket entry is "not a court order sufficient to meet the requirements" of N.C. Gen. Stat. § 50A-203. However, Respondent does not provide any valid argument as to
 
 why
 
 the docket entry does not suffice as an order of the Illinois court for purposes of the UCCJEA.
 

 The Illinois Court of Appeals "has accepted a docket sheet entry as an order of the court where there was no transcript of the hearing and no written order."
 
 Severino v. Freedom Woods, Inc.
 
 ,
 
 407 Ill.App.3d 238
 
 , 250,
 
 346 Ill.Dec. 622
 
 , 633,
 
 941 N.E.2d 180
 
 , 191 (2010) (citation omitted),
 
 appeal denied
 
 ,
 
 350 Ill.Dec. 873
 
 ,
 
 949 N.E.2d 665
 
 (2011). Therefore, Illinois' own courts have acknowledged that a docket entry can serve as a court order where-as here-the docket entry is unaccompanied by a separate order or a hearing transcript.
 

 Furthermore, Judge Troemper's docket entry possesses all of the substantive attributes of a court order. It reaches the conclusion that the case should be transferred from the courts of Illinois to the courts of North Carolina and fully explains its rationale for that conclusion. Moreover, as noted above, there is no indication in the record before us that Respondent did not receive a copy of the docket entry from the Illinois court or that Respondent made any effort to appeal Judge Troemper's ruling. As this Court has previously observed, "[n]othing in the UCCJEA requires North Carolina's district courts to undertake collateral review of a facially valid order from a sister state before exercising jurisdiction pursuant to N.C. Gen. Stat. § 50A-203(1)."
 
 In re N.B
 
 ., --- N.C.App. ----, ----,
 
 771 S.E.2d 562
 
 , 566 (2015).
 

 With regard to the additional requirements under N.C. Gen. Stat. § 50A-201(a)(2), the record shows that (1) Tina and Respondent had a "significant connection with [North Carolina] other than mere physical presence" in that they were living-and Respondent was working-in North Carolina at the time of the acts giving rise to the juvenile petition filed by WCHS; and (2) "[s]ubstantial evidence is available in [North Carolina] concerning [Tina's] care, protection, training, and personal relationships" in that the sexual assault against Tina-as well as other acts of neglect by Respondent involving Tina-occurred in North Carolina. Therefore, all of the requirements of N.C. Gen. Stat. § 50A-201(a)(2) were satisfied.
 

 *392
 

 II. Determination By Illinois Court That North Carolina Would Be More Convenient Forum
 

 The final pertinent requirement for the existence of subject matter jurisdiction in the
 
 *202
 
 trial court under N.C. Gen. Stat. § 50A-203(1) is that the Illinois court must have determined that North Carolina "would be a more convenient forum" for a determination of custody. Once again, for the reasons set out above, this requirement was satisfied by Judge Troemper's docket entry transferring the case to Wake County District Court.
 

 Accordingly, Respondent has failed to demonstrate that the trial court lacked subject matter jurisdiction to enter its 8 March 2016 order. As such, this order is affirmed.
 

 Conclusion
 

 For the reasons stated above, we affirm.
 

 AFFIRMED.
 

 Judges INMAN and ENOCHS concur.
 

 [1]
 

 Pseudonyms and initials are used throughout this opinion to protect the identities of the juveniles and for ease of reading. N.C. R. App. P. 3.1(b).
 

 [2]
 

 There is no indication in the record that Respondent either failed to receive a copy of this docket entry or attempted to appeal Judge Troemper's transfer of the case to North Carolina.
 

 [3]
 

 We note that Respondent does not argue that the trial court lacked temporary emergency jurisdiction pursuant to N.C. Gen. Stat. § 50A-204 to enter its initial non-secure custody order.
 
 See
 
 N.C. Gen. Stat. § 50A-204(a) (2015) ("A court of [North Carolina] has temporary emergency jurisdiction if the child is present in [North Carolina] and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse."). Rather, Respondent argues that the trial court's temporary emergency jurisdiction could not have served as a basis for making a final custody determination. For the reasons set forth herein, however, we conclude that the 8 March 2016 order was properly issued pursuant to the trial court's jurisdiction under N.C. Gen. Stat. § 50A-203(1) rather than under N.C. Gen. Stat. § 50A-204.
 

 [4]
 

 The exceptions set forth in N.C. Gen. Stat. § 50A-202 are not applicable to the present case.
 

 [5]
 

 N.C. Gen. Stat. § 50A-207, in turn, provides in pertinent part that "[a] court of this State which has jurisdiction ... to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances, and that a court of another state is a more appropriate forum." N.C. Gen. Stat. § 50A-207(a) (2015).