**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2020[*]
Decided March 23, 2020

*Before*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1525

| | |
|---|---|
| ORLANDO BROWN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 CV 2921 |
| CITY OF CHICAGO, et al., | Sharon Johnson Coleman, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

This is the second appeal we have seen in former police officer Orlando Brown's lawsuit against the City of Chicago and other defendants involved in his firing. *See Brown v. City of Chicago*, 771 F.3d 413 (7th Cir. 2014). Our first decision remanded the case for the district court to consider Brown's due-process claim against Captain Patrick Gunnell, his former supervisor. At the same time, we invited the district court to

---

[*] We agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

explore whether the claim was precluded by one of Brown's prior state-court lawsuits, and we told the court it was "free" to relinquish supplemental jurisdiction over Brown's state-law claims. *Id*. at 416. Now that the district court has ruled that the due-process claim is indeed precluded and has relinquished supplemental jurisdiction, Brown appeals once more. We affirm.

In 2007 Captain Gunnell launched an investigation into some of Brown's on-duty absences from his assigned district. Brown countered with an internal complaint against Linda Salustro, the assigned Internal Affairs investigator, but nothing came of it.

Brown turned to state court in 2011. His two-count complaint against the City of Chicago alleged that Gunnell (who is white) had harassed and discriminated against Brown (who is black) on the basis of race, and that Gunnell had started the investigation in retaliation for Brown's objections to discrimination.

While that suit was ongoing, the Police Board held a hearing on Brown's misconduct and fired him in March 2012. Brown did not amend his state-court complaint to challenge the hearing's procedures or outcome. Instead, Brown filed a second suit in federal court in April 2012 suing the City, the Board, and some board members for racial discrimination and retaliation. He also said that the Board proceedings violated due process because they were prompted by Gunnell's wrongdoing and they violated Illinois administrative law.

At first the district court stayed the case pending resolution of the state lawsuit. Then, in August 2012 the Illinois trial court dismissed Brown's harassment claim with prejudice; soon after Brown voluntarily dismissed his retaliation claim. The district court then lifted the stay, dismissed Brown's discrimination and retaliation claims as barred by res judicata (i.e., claim preclusion), and dismissed his challenge to the Board proceedings as an unreviewable state-law claim.

Brown appealed. As to the federal claims for discrimination and retaliation, we affirmed because these theories were or could have been included in Brown's state suit. But we saw in Brown's challenge to the Board proceedings a due-process claim that the district court had overlooked, so we remanded the case. Still, as noted, we invited the district court to explore whether this challenge—based as it was on Gunnell's supposed misconduct in triggering the investigation—was likewise precluded by the state suit. *Id.* We added that the district court was "free" to relinquish supplemental jurisdiction over Brown's remaining Illinois administrative-law claim. *Id*.

In the meantime, a wrinkle had arisen in state court. In June 2013, while Brown's first appeal to us was pending, he filed yet another lawsuit in Illinois state court, this time under Illinois administrative law. But the state trial court dismissed that case for lack of jurisdiction. (The record does not tell us the trial court's reasoning.) Although Brown then filed a notice of appeal, the state appellate court dismissed his case for failure to prosecute because Brown failed to timely file the record on appeal.

Back in the federal district court on remand, Brown filed in February 2016 a second amended complaint. Here he explicitly directed his due-process claim at Gunnell. And he reiterated his state administrative-law challenge to the Board's decision, naming as defendants the City, the Board, some board members, and former Police Superintendent Garry McCarthy.

After the close of discovery in March 2017, more than two years after our remand order and five years after filing his original federal complaint, Brown moved for leave to file a third amended complaint, this time seeking to add several new defendants, including investigator Salustro. The district judge denied that motion, explaining that Brown easily could have added those parties sooner and that to do so five years after his initial filing would unduly prejudice them and make discovery too burdensome.

Finally, on Gunnell's motion for summary judgment and the parties' supplemental briefing, the court dismissed Brown's due-process claim as barred by both claim preclusion and issue preclusion. It declined to exercise supplemental jurisdiction over his state-law claim.

In today's appeal Brown contends that his due-process claim is not precluded by his state litigation because he has newly discovered evidence of misconduct by investigator Salustro. His theory is difficult to follow. In any event, the due-process claim in the operative complaint concerns alleged misconduct by Gunnell, not Salustro. And Salustro's overall role in the investigation was known to Brown well before the conclusion of the state suit. The claim against Gunnell easily could have been resolved in the first state lawsuit.

Yet, as the defendants acknowledge in their brief, the district court could have been clearer about the basis for its holding on claim preclusion. In its order the court seems to say that the due-process claim could have been raised before the Police Board and then in Brown's administrative-review action (which was dismissed for want of

jurisdiction). Because we are unsure that Brown actually obtained judicial review of the Board's decision, *cf. Durgins v. City of East St. Louis*, 272 F.3d 841, 843 (7th Cir. 2001), we think it simpler to recognize that the 2011 state-court suit against Gunnell would have been a proper forum for the due-process claim against him—particularly since the Board completed its review and fired Brown before this state suit ended, *accord Brown*, 771 F.3d at 416–17; *see also Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (holding that plaintiff's § 1983 claim against the Police Board was precluded in federal court because he should have brought it in state court alongside other claims arising from the same set of operative facts); *Durgins*, 272 F.3d at 843–44 (same). Because the prior state suit precluded Brown's due-process claim, we need not address the district court's alternative ruling on issue preclusion or the defendants' other proposed rationales for affirmance.

Brown also challenges the district court's decision to decline supplemental jurisdiction over his state administrative-law claim. But we see no abuse of discretion here. *See* 28 U.S.C. § 1367(c)(3) (stating that the district court may decline supplemental jurisdiction over state-court claims when it has "dismissed all claims over which it has original jurisdiction"); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). As we suggested in the first appeal, there was no compelling reason for a federal court to resolve these paradigmatic issues of state law involving actors other than Gunnell. *Brown*, 771 F.3d at 416. To be sure, Brown objects that it is now too late for him to procure administrative review in state court—but what matters is that at one time, he could have. Illinois law permits an administrative-review action to be joined to a discrimination lawsuit like the one Brown filed in 2011. *See Durgins*, 272 F.3d at 843. We see no obstacle to Brown's having done so in his first lawsuit once the Board issued its decision. And although Brown's later, separate administrative-review action was dismissed, Brown appealed that decision but then failed to prosecute his appeal, which led to its dismissal. None of this required the district court to channel his state-law claim into a federal forum.

Finally, Brown challenges the denial of his motion to file a third amended complaint adding Salustro and other defendants. He contends that when he deposed Salustro in 2017, he learned that she was responsible for initiating several of the disciplinary charges against him. He asserts that this "new" information contradicted her testimony before the Police Board years earlier regarding Gunnell's role in initiating charges.

We will reverse the denial of leave to amend "only if no reasonable person could agree" with it. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 843 (7th Cir. 2018) (quotation marks omitted). But the district court rightly explained that the parties Brown sought to add were never hidden from him, so he could have included them at the outset of his case. To add them more than five years later would have unduly prejudiced those parties, particularly in discovery. That ruling was reasonable, especially given that Brown had amended his complaint twice before. As for Brown's assertion that he obtained "new" information that Salustro lied before the Police Board, the record shows no such thing. Brown knew all along that Salustro was investigating him; it cannot have come as any surprise that she played a role in initiating charges against him.

We have considered Brown's other arguments, but none has merit.

AFFIRMED