**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2019[*]
Decided October 24, 2019

*Before*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-1658

| | |
|---|---|
| MARK THOMPSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 14 C 6340 |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, et al., | John Z. Lee, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Mark Thompson is an African-American teacher and coach who worked for the Chicago Public Schools ("CPS") for ten years. He has brought, and lost, seven lawsuits in state and federal courts challenging his dismissal from CPS. In this case, he raises

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

allegations that resemble those he has litigated before. The district court dismissed Thompson's complaint on grounds of res judicata and absolute immunity. We affirm.

We take Thompson's well-pleaded allegations as true. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). In 2010, Thompson first sued the Board of Education of the City of Chicago ("Board") and Board employees over his suspension and termination from teaching positions at a CPS high school. The district court entered summary judgment for the defendants but allowed Thompson to proceed on one claim—that he had been suspended in retaliation for filing EEOC complaints. *Thompson v. Bd. of Educ.*, No. 11 C 1712, 2014 WL 1322958, at *5, 9 (N.D. Ill. Apr. 2, 2014). Thompson settled that claim in 2015.

Thompson contends that defendants then retaliated against him for that lawsuit. First, Thompson asserts, the Board solicited a former athlete of his, identified as Jane Doe, to accuse him of rape as part of a conspiracy to have his employment terminated. Doe then told her therapist, Dr. Welke, that Thompson had raped her when she was 17, and, according to Thompson, the Board solicited Dr. Welke to report Doe's false rape allegation to the Illinois Department of Children and Family Services. After an investigation, the Department determined that the rape allegation was "unfounded," but the Board nevertheless persisted in investigating Thompson based on Doe's allegations.

Then, in Thompson's view, the Board concocted a plan to have his principal evaluate his performance in May 2012 as "unsatisfactory," as pretext to fire him in retaliation for filing his lawsuit. Thompson was removed from the classroom the following month and suspended without pay three months later, pending a dismissal hearing by the Illinois School Board of Education ("ISBE"). The Board turned over its investigatory files to Thompson in February 2013 but, according to Thompson, the files were incomplete, fabricated, and altered. In August 2013, Thompson was dismissed from his employment with CPS for budgetary reasons.

Thompson then brought three state suits, which served as the basis for the district court's res judicata determinations in the present case. In his first state suit, filed in late 2013 (*Thompson I*), Thompson sued the Board, several Board employees, Jane Doe, and her mother for twelve state-law tort and statutory violations related to the Doe investigation. The state court dismissed those claims with prejudice, most for failure to state a claim. The court also denied, on untimeliness grounds, Thompson's motion to

add a Title VII claim that, it believed, would unduly prejudice the defendants. *Thompson v. Bd. of Educ. Tp. High Sch. Dist. 113*, No. 13 L 879 (Ill. Cir. Ct. Jan. 23, 2015).

In late 2013, Thompson filed his second state suit (*Thompson II*)—a declaratory action for Doe's mental health records—against Doe, Dr. Welke, and Northshore University Health System (the keeper of Doe's mental health records). He alleged that Dr. Welke improperly reported Doe's false claim of rape, and that CPS and Board employees concealed Doe's allegations from him, and he asked the court to compel the defendants to turn over Doe's mental health records. The court dismissed the complaint on grounds that Doe had not introduced her mental health in the dismissal hearing, and so Thompson had no legal interest in her psychiatric records. *Thompson v. Welke*, No. 2013 CH 26625 (Ill. Cir. Ct. Aug. 19, 2014).

In 2014, Thompson filed his third state-court suit (*Thompson III*), a convoluted action asserting equal-protection and abuse-of-process claims. He alleged that the defendants lacked authority to proceed with an ISBE dismissal hearing to determine his entitlement to back pay because he no longer was employed by the defendants. He sought to enjoin the hearing, which, he maintained, was an inappropriate vehicle to determine back pay for a former employee. The state court dismissed the complaint for failure to exhaust administrative remedies and for failure to state a claim. *Thompson v. Bd. of Educ.*, No. 14 CH 15697 (Ill. Cir. Ct. Feb. 25, 2014).

In the meantime, in mid-2014, Thompson filed this sprawling 12-count lawsuit in the Northern District of Illinois. This suit soon was consolidated with two other cases he had brought in federal court. The consolidated suit reprised claims arising from Doe's rape allegation and the corresponding investigation, Thompson's unsatisfactory evaluation and eventual discharge, and the dismissal hearing. Thompson amended the complaint to include 23 counts, and the court stayed discovery pending the resolution of Thompson's three state cases, all of which then were on appeal.

The Illinois Appellate Court eventually affirmed the dismissal of each of Thompson's state cases with prejudice, *see Thompson v. Bd. Of Educ. Tp. High Sch. Dist. 113*, 2016 IL App. (2d) 150226-U, ¶ 2; *Thompson v. N.J.*, 2016 IL App. (1st) 142918, ¶ 3; *Thompson v. Bd. of Educ.*, 2016 IL App. (1st) 150689-U, ¶ 2. In each case the Illinois Supreme Court denied Thompson leave to appeal. *See Thompson v. Bd. of Educ. Tp. High Sch. Dist. 113*, 60 N.E.3d 883 (Ill. 2016); *Thompson v. N.J.*, 60 N.E.3d 883 (Ill. 2016); *Thompson v. Bd. of Educ.*, 60 N.E.3d 883 (Ill. 2016).

After final decisions were rendered in *Thompson I*, *II*, and *III*, the defendants here moved to dismiss Thompson's amended complaint, arguing principally that the claims were barred by res judicata. The district court agreed, concluding that the final judgments on the merits in Thompson's state cases precluded subsequent actions between the same parties or their privies arising from the same nucleus of operative facts. The court found that Thompson's federal suit involved the same parties, and emerged from the same nucleus of operative facts, as his three state court actions. The court amended its original order, dismissing all remaining counts on res judicata grounds, except for one lingering count against the ISBE hearing officer—a count that the district court eventually dismissed on absolute immunity grounds because the officer had performed a judicial function at the hearing.

On appeal, Thompson first argues that the district court erred by failing to construe the facts in the light most favorable to him. *See Luevano*, 722 F.3d at 1027. In so doing, he urges, the district court deliberately ignored one of his Title VII retaliation claims—that he was discharged based on the principal's unsatisfactory evaluation, which he regards as pretextual, fabricated in retaliation for bringing his first suit.

Thompson misapprehends the court's order. Contrary to Thompson's contention, that order fairly captures the facts underlying his retaliation claim. The court noted, for instance, Thompson's allegation that his unsatisfactory evaluation was "pretext to terminate his employment in order to conceal the Board's retaliatory motive." *Thompson v. Bd. of Educ.*, No. 14 C 6340, 2018 WL 1441108, at *2 (N.D. Ill. Mar. 22, 2018). And it summarized Thompson's claims as arising from the following operative facts: "the purportedly improper conduct of the Defendants relating to Thompson's suspension, the investigation into Doe's allegations, the ISBE proceedings, and his eventual dismissal." *Id.* at *6.

Thompson then argues that the district court erred in dismissing the Title VII claim based on res judicata grounds. He contends that he has not had a full and fair opportunity to have that claim heard because the judge in *Thompson I* barred it as untimely.

Res judicata, however, bars not only claims actually decided in a prior suit, but also all other claims that could have been brought in that suit. *Aaron v. Mahl*, 550 F.3d 659, 664 (7th Cir. 2008). The operative complaint in *Thompson I* was filed in January 2014, and by the end of 2013 Thompson knew all the facts underlying his retaliation claim. By that time, he had received an unsatisfactory evaluation in May 2012, was

dismissed in August 2013, and had discovered the unsatisfactory evaluation that was the basis for his dismissal in October 2013. Instead of amending his *Thompson I* complaint, he waited to request leave to amend his complaint until nearly the eve of the date when the state court said it would rule on dispositive motions. The Illinois Appellate Court reasonably found that the *Thompson I* judge did not abuse his discretion in denying Thompson leave to add his Title VII claim "[g]iven the lack of timeliness, the delay in filing the motion [to amend] . . . , and that [he] did not appraise the parties and the court of what the proposed amendment entailed." 2016 IL App (2d) 150226-U at ¶ 79.

Next, Thompson argues that because there never has been a final decision in the December 2013 dismissal hearing, that hearing must be ongoing and constitute a "continuing or recurrent wrong" that is not barred by res judicata. *Hayes v. City of Chicago*, 670 F.3d 810, 815 (7th Cir. 2012) (quoting *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 341 (1996)). Thompson insists that the Board, through this ongoing and wrongful hearing, continues to use fabricated evidence and refuses to turn over investigatory documents related to Doe's false sexual assault charges and the unsatisfactory evaluation. But given Thompson's discharge in August 2013 and his hearing on that discharge in December 2013, we agree with the district court that any harm which Thompson imputes to the Doe investigation, the hearings, or his dismissal is the "lingering effect of an earlier violation," not a continuing wrong. *Pitts v. City of Kankakee*, 267 F.3d 592, 595 (7th Cir. 2001).

Finally, Thompson argues that the district court erred in concluding that ISBE Hearing Officer Nielsen was absolutely immune from his due process claim. But Nielsen was performing a judicial function at the hearing, so absolute immunity shields him "from liability for civil damages." *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004).

A final matter remains: Doe moved for sanctions under Rule 38 of the Federal Rules of Appellate Procedure, asserting that Thompson's arguments towards her are wholly without merit. *See Harris N.A. v. Hershey*, 711 F.3d 794, 801–02 (7th Cir. 2013). Sanctions are indeed warranted because Thompson's claims against Doe are plainly blocked by res judicata, and he "has not offered a reasonable and good faith argument to avoid affirmance." *CFE Group, LLC v. Firstmerit Bank, N.A.*, 809 F.3d 346, 353 (7th Cir. 2015). Thompson already had been warned by the district court that "the validity of his suspension relating to Doe's accusations was litigated" in his very first case in 2010. And he brought functionally equivalent claims for Doe's records in *Thompson II*, which

were dismissed with prejudice. Yet Thompson has persisted in litigating his claims against Doe, arguing with little elaboration that those claims somehow relate to his retaliation claims against the Board. We have concluded that similar "conduct flaunts the principles of comity and federalism" and warrants sanctions. *See id*. at 354. Thus, Doe's motion is GRANTED, and she may file, within 14 days of this order, a statement of the attorneys' fees and other expenses reasonably incurred in defending this appeal. Thompson shall file any response no later than 21 days after Doe files her statement.

We have considered Thompson's remaining arguments, and none have merit.

AFFIRMED